# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

**IN RE:**

**WILLIAM SNOOK and MICHELLE SNOOK,**     **NO. 19-10456-t7**

     **DEBTORS.**

### DEFAULT ORDER GRANTING WYOMING COMMUNITY DEVELOPMENT AUTHORITY RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT 3701 ARIEL AVE., GILLETTE, WYOMING 82718

This matter came before the Court on the Motion for Relief from the Automatic Stay Re: Property Located in Gillette, Wyoming and to Abandon Property from the Estate filed on April 5, 2019 [Docket No. 11] (the "Motion") by Wyoming Community Development Authority ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On April 5, 2019, Movant served the Motion and a Notice of the Motion, also filed April 5, 2019 [Doc. 12] (the "Notice") on counsel of record for the Debtor and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor by United States First Class Mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property: Real property located at 3701 Ariel Ave., Gillette, Wyoming 82718 (the "Property").

(c) The Notice specified an objection deadline of twenty-one (21) days from the date of service of the Notice, to which three (3) days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on April 29, 2019;

(f) As of May 1, 2019, neither the Debtors nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on May 1, 2019, Ronda Young, of Moses, Dunn, Farmer & Tuthill, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that either of the Debtors is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are parties, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, although the Debtors can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

### END OF ORDER ###

Submitted by:

MOSES, DUNN, FARMER & TUTHILL, P.C.

*/s/ Shay E. Meagle submitted electronically 05/01/2019*
Shay E. Meagle
PO Box 27047
Albuquerque, New Mexico 87124-7047
Telephone: (505 843-9440
E-mail: shay@moseslaw.com
*Attorneys for Wyoming Community Development Authority*

Copies to:

Gregory A. Baca
Baca Law Offices
2214 Sun Ranch Loop
Los Lunas, NM 87031
*Attorney for Debtors*

Yvette J. Gonzales
PO box 1037
Placitas, NM 87043
*Chapter 7 Trustee*

William Snook
69 Juniper Ave.
Los Lunas, NM 87031
*Debtor*

Michelle Snook
69 Juniper Ave.
Los Lunas, NM 87031
*Debtor*